IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


EARNEST RAY BERNARD,

       Petitioner,

v.                                            CASE NO. 5:05-cv-00220-RS-AK

JOSE BARRON, JR.,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Earnest Ray Bernard.  Respondent has filed a response, Doc. 16, and Petitioner has filed his reply.  Doc. 18.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that the petition be denied.

      Petitioner was convicted in the United States District Court for the Southern District of Mississippi of armed bank robbery, for which he received a 30-month sentence, and brandishing a firearm during a crime of violence, for which he received a 7-year sentence.  The two sentences were ordered to run consecutively.  Doc. 16, Ex. 1.  Subsequently, the court reduced Petitioner's sentence on the brandishing conviction by 6 months for changed circumstances.  *United States v. Bernard*, Cause No. 3:01cr114-HTW/JCS (S.D. Miss.) at Doc. 35.  The consecutive nature of the sentences remained intact.  *Id*.

Presently, Petitioner challenges the calculation of this sentence by the Bureau of Prisons. In his view, BOP "took the (6) months reduction off of [the 30-month sentence]" that he had already completed, and thus, its actions "go[ ] against the order of the court."  Doc. 1 at 3. According to his calculations, he should be released on October 31, 2008.  The BOP calculates his projected release date as April 9, 2009.  http://www.bop.gov/iloc2/LocateInmate.jsp.[1]

The law is clear:  "Multiple terms of imprisonment ordered to run consecutively...shall be treated for administrative purposes as a single, aggregate term of imprisonment."  18 U.S.C. § 3584(c).  Consequently, after the reduction, Petitioner's sentence was 9 years (108 months), rather than the original 9 years, 6 months (114 months).  *See* U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5880.28(e)(2) (Feb. 14, 1997) (sentences shall be aggregated to form single sentence for computation purposes).

Petitioner does not serve his sentence on each count separately but as an aggregate total. BOP subtracted six months from that aggregate total, and therefore, it has calculated his sentence in accordance with the law.  The petition is patently meritless.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *13th* day of July, 2007.

*S/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]The Court notes for the record that Petitioner has, according to the BOP website, been transferred to Texarkana FCI.  Petitioner has not, however, provided the Court with a change of address to that facility.

## <u>NOTICE TO THE PARTIES</u>

        **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**